## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY TOTH,** | : | **CIVIL ACTION NO. 1:13-CV-1777** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN,**[1] **Acting Commissioner of Social Security,** | : : | |
| | : | |
| **Defendant.** | : | |

## **ORDER**

AND NOW, this 7th day of March, 2014, upon consideration of the report and recommendation (Doc. 11) of Magistrate Judge Thomas M. Blewitt, recommending the court dismiss the appeal (Doc. 1) of plaintiff Gary Toth ("Toth") from the decision of the administrative law judge ("ALJ") denying Toth's claim for disability insurance benefits, wherein Judge Blewitt finds the ALJ's decision to be supported by substantial evidence, and, after an independent review of the record, and the court noting that Toth has filed

---

[1] Michael J. Astrue's term as Commissioner of Social Security expired on January 19, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin, who succeeded Astrue and was appointed Acting Commissioner of Social Security on February 14, 2013, is substituted as defendant in this action. See FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

an objection[2] (Doc. 12) to the report, and the court finding Judge Blewitt's analysis to be thorough, well-reasoned, and fully supported by the record, and the court further finding Toth's objection to be without merit,[3] and squarely addressed by the magistrate judge's report, it is hereby ORDERED that:

1. The report (Doc. 11) of Magistrate Judge Blewitt is ADOPTED.

2. The Clerk of Court shall enter judgment in favor of the Commissioner of Social Security and against Gary Toth as set forth in the following paragraph.

3. The decision of the Commissioner of Social Security denying Gary Toth's application for disability insurance benefits is AFFIRMED.

4. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] When parties object to a magistrate judge's report, the court performs a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

[3] Toth objects to the magistrate judge's credibility determinations on the basis that the ALJ "does not address the Plaintiff's medical records or the objective evidence." (Doc. 13 at 9-10). This objection wholly discounts the fifteen paragraphs of the decision wherein the ALJ studied and reported on the medical evidence in search of any corroborating support for Toth's subjective complaints of pain. (See Tr. at 21-23). After conducting this review, the ALJ explained at length his reasons for finding that Toth was not entirely credible with respect to the extent, severity, and limiting effects of his impairment. (Id. at 23-24). Like the magistrate judge, the court concludes that the ALJ's decision is well supported by substantial evidence and cogently explained. The court thus will overrule Toth's objection.